IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| HANNAH SILBAUGH,<br>    Plaintiff<br><br>v.<br><br>MARC NELSON, DAVID SMITH, ANTHONY ATTALLA, JOHN DOE 4, JOHN DOE 5, DANIEL SPIZARNY, JOSEPH V. SCHEMBER, and CITY OF ERIE,<br>    Defendants | : : : : : : : : : : : : : : | CIVIL ACTION – LAW<br><br>Docket No. 1:20-cv-00252-SPB<br><br>*Electronically Filed*<br><br>**JURY TRIAL OF 12 DEMANDED** |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, Hannah Silbaugh, by counsel and submits the following Brief in Opposition to the Motion to Extend Time to Plead to Plaintiff's Complaint, respectfully representing:

**I.   Statement of the Case**

This is a case for declaratory and injunctive relief, and for damages, against various police officers and City of Erie officials arising out of the unjustified attack on Plaintiff Hannah Silbaugh on May 30, 2020 when she was viciously kicked by a police officer of the City of Erie in violation of her rights under the First, Fourth and Fourteenth Amendments and in violation of state laws against assault and battery.  The City officials, Joseph V. Schember, Mayor and Daniel Spizarny, the Chief of the Bureau of Police, are named as Defendants based upon their personal involvement in

formulating, establishing and enforcing standards for the proper use of force and for their management of the alleged civil disturbance occurring on May 30th.

Plaintiff initiated this case in state court by the issuance of a Summons to the Defendants, several of whom were named as "John Doe" because the City refused to divulge their names. (Doc. 1-1). The Writ was properly served and with it, Plaintiff served Interrogatories and Requests for Production of Documents (attached to Doc. 1-6, Motion for Protective Order). The Writ of Summons and discovery requests were served upon Defendants on June 23, 2020 (Doc. 1-4). Plaintiff filed her Complaint less than a week after the Defendants responded to her discovery requests on August 12, 2020.

Prior to the filing of the Complaint, Plaintiff had filed a complaint with the City (attached to the Motion for Protective Order filed by the City, Doc. 1-6). The letter, delivered June 2, 2020 detailed the facts of the incident.

## II. Statement of the Question Presented

**HAVE DEFENDANTS DEMONSTRATED GOOD CAUSE WITHIN THE MEANING OF F.R.CIV.P. 6(b) FOR A 60-DAY EXTENSION TO PLEAD?**

(Suggested answer in the negative)

**IS THE DEFENDANTS' REQUEST FOR A SIXTY-DAY EXTENSION REASONABLE?**

(Suggested answer in the negative)

## III. Argument

**A. Defendants have failed to demonstrate good cause to extend the time to plead.**

Federal Rule of Civil Procedure 6(b)(1) permits an extension of time to be granted "for good cause". Extending time is always discretionary, and is not required even with good cause. *Ott v. Federal Home Loan Mortg. Corp.,* 535 Fed. Appx. 488, 489 (6th Cir. 2013), *Maldonado-Denis v. Castillo-Rodriguez,* 23 F3.d 576 (1st Cir. 1994).

Good cause must be shown before an enlargement of time is granted. *Lujan v. National Wildlife Federation*, 497 US 871, 896, 110 S. Court S. Ct. 3177, 3192, 11 L. Ed. 2.d 695 (1990). In this case, Defendants have offered no good cause for the requested extension and, especially, no good cause for the two-month extension (on top of the three weeks they have already had the Complaint and the three months they have been aware of Plaintiff's claims).

The only "cause" offered by the Defendants is that the Plaintiff allegedly refused to extend the time.[1] The Defendants do not complain that the issues presented in this case are particularly unique or troublesome, or that the facts are not clear or require further investigation[2].

In the absence of good cause, this Court should exercise its discretion to deny the Motion and require Defendants to file their response in accordance with the rules.

**B. Defendants' request for a two-month extension is excessive.**

Given that the Defendants offer no good cause for requesting an extension in the first place, and the fact that they have already secured a delay by filing their Motion to

---

[1] Counsel did not deny the request, but requested an explanation of the need for it, which was never supplied.

[2] This matter has been investigated by the City of Erie Bureau of Police Internal Affairs and the Erie County Office of District Attorney, both of which interviewed a number of witnesses and examined documents and videos pertinent to the case.

Extend, the deadline having passed, they now request an additional two months from the date of the entry of this Court's ruling on its Motion.

To the extent the Court divines some good cause in the Defendants' Request, Plaintiff submits that it cannot justify the length of the extension requested.

Although the rules provide for a waiver of service, that rule does not apply to this case, nor does Plaintiff's counsel make a habit of invoking that procedure due to the excessive delay it causes in getting the case moving. Even had the case been filed in federal court, counsel would gladly have expended the $35 to have it served by a Constable in order to shorten the response time.

Should this Court decide to exercise its discretion in favor of the Defendants, Plaintiff submits that a much briefer extension, in the neighborhood of twenty days could be justified.

### IV.   Conclusion

In light of the fact that the Defendants have not offered good cause for their extension request, the request should be denied. Even if the request is granted, the

sixty-day period requested is patently excessive and Defendants should be able to formulate their response in less than twenty days.

                        Respectfully submitted,

                        MCNAIR LAW OFFICES, PLLC

                        By: *s/ Timothy D. McNair*
                                Timothy D. McNair, Esquire
                                Pa. ID#34304
                                821 State Street
                                Erie, PA 16501
                                (814) 452-0700
                                (814) 454-2371 (fax)
                                tmcnair@mcnairlaw.com