IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| HANNAH SILBAUGH, | : CIVIL ACTION – LAW |
| Plaintiff | : |
| | : Docket No. 1:20-cv-00252-SPB |
| v. | : |
| | : *Electronically Filed* |
| | : |
| MARC NELSON, DAVID SMITH, | : **JURY TRIAL OF 12 DEMANDED** |
| ANTHONY ATTALLA, JOHN DOE 4, | : |
| JOHN DOE 5, DANIEL SPIZARNY, | : |
| JOSEPH V. SCHEMBER, and CITY OF | : |
| ERIE, | : |
| Defendants | : |


## <u>AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FOR DAMAGES</u>

NOW COMES the Plaintiff, Hannah Silbaugh, by counsel and claims damages of Defendants above-named upon a cause or causes of action whereof the following is a statement:

1.      Plaintiff is Hannah Silbaugh, an adult resident of Erie, Erie County, Pennsylvania.

2.      Defendant Marc Nelson ("Nelson") is an adult individual believed to reside at Erie, Pennsylvania and who is employed by the Defendant, City of Erie Bureau of Police.  On May 30, 2020, Nelson, without reason or provocation as set forth below, kicked Plaintiff on her left shoulder, knocking her down and causing injury.

3.      Defendant David Smith ("Smith") is an adult individual believed to reside in Erie County, Pennsylvania and who is employed by the City of Erie Bureau of Police.

On May 30, 2020, Smith, without provocation or reason, and in violation of established procedures attacked Plaintiff with mace or pepper spray.

4.      Defendant Anthony Attalla ("Attalla") is an adult individual believed to reside at Erie County, Pennsylvania and is employed by the City of Erie Bureau of Police. On May 30, 2020, Attalla, with no reason or provocation, sprayed Plaintiff with mace or pepper spray in violation of the established procedures of the City of Erie Bureau of Police and in violation of my civil rights.

5.      John Doe 4 is an adult individual believed to reside at Erie County, Pennsylvania and is employed by the City of Erie Bureau of Police.  Upon information and belief, John Doe 4 conspired with or participated in the assault on me by Nelson, Smith, Attalla and John Doe 5.

6.      John Doe 5 is an adult individual believed to reside in Erie County, Pennsylvania whose identity remains unknown to me.  Upon information and belief, John Doe 5 conspired with or participated in the assault on me by Nelson, Smith, Attalla, and John Doe 4.

7.      Defendant Daniel Spizarny is an adult individual residing at Erie County, Pennsylvania.  Defendant Spizarny is employed by Defendant City of Erie as Chief of Defendant City of Erie's Bureau of Police.  As such, Defendant Spizarny is responsible for the establishment of policy, training of officers in established policies, supervision of officers engaged in the execution of those policies and has an affirmative duty to train officers to avoid the violation of the civil rights of persons present within the City of Erie.  Defendant Spizarny is sued in his individual capacity and in his official capacity.

2

8.      Defendant Joseph V. Schember is an adult individual residing at Erie County, Pennsylvania.  Defendant Schember is the elected Mayor of Defendant City of Erie.  As Mayor, Defendant Schember has ultimate responsibility for the establishment of procedures and supervision of the officers employed by Defendant City of Erie's Bureau of Police. Defendant Schember is sued in his individual capacity and in his official capacity.

9.      Defendant City of Erie is a body corporate and politic which governs the City of Erie.  City of Erie maintains a Bureau of Police, charging it with the responsibility of law enforcement and maintenance of civil order.  To do so, the City of Erie establishes and maintains procedures to which police officers are required to conform their behavior.

10.      All of the events giving rise to this Complaint occurred on or after May 30, 2020 in the City of Erie, Erie County, Pennsylvania.

11.      On May 25, 2020, a white police officer in Minneapolis murdered an individual named George Floyd by kneeling on his neck for over eight minutes.  This murder, born of excessive force used by the Minneapolis, Minnesota police department, resulted in protests against police violence throughout the county and internationally. The death of George Floyd became a cause celebre leading to a strong public outcry against the excessive use of force by police and the pervasive institutional racism and unnecessary killing of persons of color by police.

12.      On May 30, 2020, a demonstration in protest of unnecessary and excessive police violence took place in downtown Erie, Pennsylvania.  This

3

demonstration was predominately peaceful although certain individuals acted in violation of the law after the events complained of herein.

13.     Plaintiff, Hannah Silbaugh, participated in the demonstration.  She participated in the demonstration because she is opposed to the use of excessive force by police and she was offended and outraged by the murder of George Floyd.  Prior to May 30, 2020, Ms. Silbaugh had not participated in a public demonstration.

14.     It has been alleged that while Ms. Silbaugh was present at the demonstration, certain individuals also participating in the demonstration committed various violations, including property damage.  Ms. Silbaugh did not participate in any violations of law nor was she aware of any instances of property damage.

15.     At approximately 11 o'clock p.m., Ms. Silbaugh was with a group of people near the intersection State Street and North Park Row.  The group was confronted by a large number of Bureau of Police officers garbed in riot gear and carrying shields and clubs as well as chemical weapons and other less lethal weapons, in addition to their lethal firearms.

16.     It appeared that the police wanted to advance into the crowd of people.

17.     In an act of resistance against police authority, Ms. Silbaugh sat on the pavement near the intersection of State Street and North Park Row.

18.     While Plaintiff was seated, she was approached by several Erie police officers, including Nelson, Smith and Attalla, and possibly John Does 4 and 5 who without saying anything and without warning, began to spray her with mace or pepper

4

spray.  In response to this unjustified attack, Ms. Silbaugh covered her face, but remained sitting, continuing her resistance to what she determined to be unnecessary force.

19.     At no time did Plaintiff pose any threat or danger to any officer of the City of Erie Bureau of Police.  In fact, her resistance was completely passive.

20.     Upon realizing that Plaintiff was not going to be cowed into submission by the inappropriate use of chemical weapons, Nelson approached Plaintiff and, with the intent to injure her as punishment for her perceived disobedience and her demonstration against police brutality, viciously kicked her on her left shoulder, knocking her to the street.

21.     Nelson was reckless in the action of kicking Plaintiff since Plaintiff could easily have sustained serious injury either to her shoulder or head by hitting the street. Further, upon being knocked down, Plaintiff used her hands to regain a sitting position. When she removed her hands from her face, Nelson, Smith, and Attalla and possibly others, took the opportunity to recklessly spray her in the face at close range directly with chemical weapons in violation of the policies of the City of Erie Bureau of Police.

22.     As they continued to mace and/or pepper spray the Plaintiff, one of the defendants, deliberately and with the intent to deprive Plaintiff of necessary first aid, kicked away a bottle of water adjacent to Plaintiff which prevented Plaintiff from rinsing her eyes once the assault had ended.

23.     Ultimately, Plaintiff, upon being threatened with the potentially lethal force of a taser, stood up and left the area.

24.    Defendants made no effort to detain the Plaintiff and did not arrest her or file any criminal charges against her for any violation.

25.    A video of Nelson's vicious attack on the Plaintiff was posted on social media and "went viral," drawing hundreds of thousands of views and creating national outrage at the unjustified and excessive use of force by Nelson against Plaintiff.

26.    Because of the publicity resulting from the video, Plaintiff became known and quickly became the subject of public comment, some of which was sympathetic and supportive, and some of which was vitriolic and hateful.  Plaintiff did not choose to publicize the attack or be the subject of public comment.  Plaintiff continues to be the subject of vitriolic threatening, and hateful comments on social media.

27.    Shortly after the attack, Plaintiff filed a complaint with the City of Erie Bureau of Police.  The attack on Plaintiff was supposedly investigated by the Bureau of Police's own internal affairs division which found that Nelson, Smith, and Attalla had acted in accordance with the established policies of the Bureau.

28.    No established policy of the City of Erie Bureau of Police authorizes the use of force, let alone a vicious kick, against an individual who is not presenting a threat of harm or who is not subject to arrest for a violation.

29.    Defendants Spizarny and Schember authorized and ordered an investigation of the event. What resulted was a mischaracterization of the events, characterizing the vicious kick to Plaintiff's left shoulder as a "push," and finding that the officer in question, Nelson, acted in accordance with established policy. To the extent that Nelson, Smith, and Attalla were, as found by Defendants City of Erie,

6

Spizarny and Schember, acting in accordance with the established procedures of the City of Erie Bureau of Police, said procedures are constitutionally defective and render Spizarny, Schember and the City of Erie liable for the violations of Plaintiff's civil rights pursuant to *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

30.     If Nelson's actions were in accord with the policies of the City of Erie, said policies are in violation of the Constitution of the United States, including the Fourth and Fourteenth Amendments, which have long been interpreted as prohibiting the use of excessive force by police.

## COUNT I - HANNAH SILBAUGH V. MARC NELSON – ASSAULT AND BATTERY

31.     Plaintiff incorporates herein by reference the averments of Paragraphs 1 through 30 of this Complaint as though fully set forth at length.

32.     At no time did Plaintiff consent to physical contact or touching by Defendant Nelson.

33.     Plaintiff took no action to threaten Nelson nor did she do anything to justify the use of force in self-defense.

34.     Plaintiff was at no time subject to arrest, nor did any defendant use force against her to effect a lawful arrest.

35.     Defendant Nelson, without consent or privilege, illegally touched and injured the Plaintiff by viciously kicking her in the left shoulder with his foot, causing her to fall to the street.  He further assaulted the Plaintiff by spraying her, at close range, in the eyes and face with a chemical weapon, mace or pepper spray.

36.     Plaintiff sustained injury to her left shoulder, right side and her eyes as the result of the attack by Defendant Nelson.

37.     Nelson caused bodily injury to the Plaintiff in that the unconsented physical contact resulted in pain and bruising, as well as eye irritation that persisted for approximately one week; Defendant Nelson's threat of more significant physical assault in the application of potentially lethal force in the form of a taser placed her in apprehension of imminent physical harm from another unconsented assault.

38.     As the result of the assault committed by Nelson and the resulting injuries, and the attendant publicity and notoriety, Plaintiff suffered pain, shock, embarrassment and mental anguish, all of which are compensable.

39.     The actions of Defendant Nelson were in violation of 18 Pa.C.S. §§ 2701 and 2702 in that the actions of Nelson constituted an attempt to cause serious bodily injury and/or were undertaken intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; and constituted an attempt to cause bodily injury to another.

40.     Given that Defendant Nelson knowingly committed an illegal act, he is not entitled to any defense of official immunity pursuant to 42 Pa.C.S. § 8546.  See *Kuzel v. Krause* 658 A2.d 856 (Pa.Cmwlth 1995).

41.     Nelson was aware that the use of excessive force against an individual not subject to arrest was unconstitutional. His use of force was not objectively reasonable since there was no reason for it and it was not justified by self-defense or the need to prevent flight.

8

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Nelson in an amount in excess of the applicable limits for mandatory arbitration in Erie County, together with punitive and exemplary damages, prejudgment interest, costs of suit and such other and further relief as the Court deems just.

## TRIAL BY JURY OF 12 IS HEREBY DEMANDED

## COUNT II - HANNAH SILBAUGH V. NELSON, SMITH, AND ATTALLA – ASSAULT AND BATTERY

42.    Plaintiff incorporates herein by reference the averments of Paragraphs 1 through 30 as though fully set forth at length herein.

43.    Nelson, Smith and Attalla acted in concert pursuant to an agreement and entered into a conspiracy, the object of which was to punish the Plaintiff for the exercise of her rights under the First and Fourteenth Amendments to the United States Constitution to petition for redress of grievances and because they were personally offended by her conduct and perceived lack of respect for the authority of the police.

44.    In the course of the conspiracy, Defendants Nelson, Smith and Attalla jointly assaulted the Plaintiff with noxious chemical weapons, either mace or pepper spray, with the intent to deprive her of sight and with the intent to inflict great pain upon her.  Further, in the course of said conspiracy, Nelson viciously kicked the Plaintiff in her left shoulder, causing pain and physical injury.

45.    As the result of the aforesaid civil conspiracy, Plaintiff suffered the damages set forth above.

46.     The actions of the Defendants, undertaken jointly, constitute willful misconduct, constitute a crime, were motivated by actual malice on the part of the conspirators, were done in the disregard of the right of the Plaintiff and were intended to inflict injury and damage upon Plaintiff.  The actions of the conspirators were outrageous, illegal and intentional, and beyond the scope of their employment and/or authority, thereby depriving Defendants of the defense of official immunity pursuant to 42 Pa.C.S. § 8546 or any other doctrine or statute.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants Nelson, Smith and Attalla in an amount in excess of the applicable limits for mandatory arbitration in Erie County, together with punitive and exemplary damages, prejudgment interest, costs of suit and such other and further relief as the Court deems just.

## **TRIAL BY JURY OF 12 IS HEREBY DEMANDED**

## **COUNT III - HANNAH SILBAUGH V. MARC NELSON, DAVID SMITH, AND ANTHONY ATTALLA – DEPRIVATION OF RIGHTS UNDER THE FIRST, FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN VIOLATION OF 42 U.S.C. § 1983**

47.     Plaintiff incorporates herein by reference the averments of the preceding Paragraphs as though fully set forth at length herein.

48.     The actions of Defendants Nelson, Smith and Attalla constituted an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

49.     The actions of Defendants Nelson, Smith and Attalla constituted a violation of the substantive Due Process rights guaranteed to Plaintiff by the Fourteenth Amendment.

50.     The amount of force used by the Defendants was unnecessary and excessive, risking serious bodily injury to the Plaintiff.

51.     At the time the Defendant conspirators physically attacked the Plaintiff with chemical weapons and a foot strike, they had no intention of arresting the Plaintiff or charging her with any criminal offense, as evidenced by the fact that they told her to leave the area after completing their assault and threatening Plaintiff with serious bodily injury or death through the use of a taser.

52.     Defendants, at all times, were aware that the Plaintiff had a constitutional right to bodily integrity and that the use of excessive and unnecessary force violated Plaintiff's rights under the constitutional provisions aforesaid.

53.     The actions of the Defendants were intentional and outrageous, were undertaken in retaliation for Plaintiff's exercise of her rights under the First Amendment to the United States Constitution, and justify an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally and individually, in an amount in excess of the applicable limits for mandatory arbitration in Erie County, together with punitive and exemplary damages, attorney's fees and expenses of litigation and such other and further relief as the Court deems just.

**<u>TRIAL BY JURY OF 12 IS HEREBY DEMANDED</u>**

**COUNT IV  HANNAH SILBAUGH V. DANIEL SPIZARNY, JOSEPH SCHEMBER AND CITY OF ERIE – VIOLATION OF RIGHTS GUARANTEED BY THE FIRST, FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION – 42 U.S.C. § 1983 – INADEQUATE TRAINING, CONTROL AND SUPERVISION**

54.    Plaintiff incorporates herein by reference the preceding averments of this Complaint as though fully set forth at length.

55.    In a news conference on June 15, 2020, the City of Erie, through its Mayor Joseph V. Schember and Chief of the Erie Bureau of Police, Defendant Daniel Spizarny, gave a press conference.

56.    During that press conference, Defendant Schember stated that the actions of Defendant Nelson were undertaken in compliance with "approved police procedure." To date, however, despite requests, Defendants have failed and refused to identify the particular procedure justifying physical assault on a seated individual posing no threat to the police officer in question.

57.    To the extent that "approved police procedure" of the City of Erie permits a police officer to viciously attack an individual exercising her constitutional right to protest police violence who is not being arrested and who poses no threat with mace, pepper spray and foot strikes, said procedure is violative of the First, Fourth and Fourteenth Amendments to the United States Constitution.

58.    Further, the City of Erie Bureau of Police, with the knowledge of Defendants Spizarny and Schember, who have the power to control the actions of the

Bureau, engages in a pattern and practice of excessive force as evidenced by the significant number of lawsuits filed against the City and its police officers for the use of excessive force and the large number of notorious instances where Erie Bureau of Police officers have been video recorded physically abusing arrestees and other persons.  The use of excessive force occurs with sufficient frequency to constitute an official policy or custom.

59.     The official police policies of the City of Erie should not authorize, permit or justify the use of excessive force to control individuals who are not in the process of being arrested or who are not threatening to commit crimes of violence.  Despite this, the City has interpreted its policies to permit such actions.

60.     The City has failed to train its officers, including Nelson, Smith, and Attalla, in the appropriate use of force in non-arrest situations.

61.     Given the lack of appropriate training of its police officers, it is highly predictable that officers will engage in the unconstitutional use of excessive force in non-arrest situations.

62.     In fact, in the June 15th press conference, the City admitted that its training was inadequate in that it self-imposed a remedy of "sensitivity training" for all Bureau of Police officers, including Nelson, Smith and Attalla intended to reduce or eliminate further instances of excessive force.

63.     As a direct and proximate result of the failures of the Defendants, City of Erie, Schember and Spizarny to adequately train the members of the Bureau of Police,

and to permit, and permit to continue, a pattern or practice of excessive force by those

officers, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants,

jointly, severally and individually, in an amount in excess of the applicable limits for

mandatory arbitration in Erie County, together with punitive and exemplary damages,

attorney's fees and expenses of litigation and such other and further relief as the Court

deems just.

**<u>TRIAL BY JURY OF 12 IS HEREBY DEMANDED</u>**

**COUNT IV – HANNAH SILBAUGH VS. DANIEL SPIZARNY AND JOSEPH SCHEMBER – VIOLATION OF RIGHTS GUARNTEED BY THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS - 42 U.S.C. §1983 – FAILURE TO SUPERVISE**

64.     Plaintiff incorporates by reference the preceding paragraphs of this

complaint as though fully set forth at length.

65.     As mayor, Joseph Schember has an affirmative duty to supervise and

monitor the actions of the employees of city departments and to ensure that the

departments and individuals under his general supervision act to protect the civil rights

of the people present in the City of Erie.

66.     As chief of the Bureau of Police, Defendant Spizarny has an affirmative

duty to supervise and control the actions of his subordinate officers to ensure the

protection of the civil rights of persons present in the City of Erie.

67.     Defendant Spizarny further has the duty to supervise and plan for foreseeable events which will call on the Bureau of Police personnel to respond. As part of this duty, He is required to assess the events and direct his personnel to respond in a way that will maintain order and safety while maintaining the civil rights of persons present in the city of Erie whether they are involved in the events occurring or not.

68.     Defendants Schember and Spizarny are, and have been, aware of the pattern and/or practice of the City of Erie Police officers to engage in gratuitous violence against individuals accused of offenses or who are believed to create disturbances, as evidenced by the number of instances where City of Erie Police have been accused of excessive force in violation of civil rights.

69.     Defendants Schember and Spizarny are required to address issues of gratuitous violence against individuals, train and discipline individuals under their general supervision and establish policies and procedures to minimize or eliminate such occurrences, to review instances of allegations of excessive force and correct such issues when they arise.

70.     Despite ample notice of these issues, Defendants have failed in their duty to address these issues, resulting in instances such as the one in this case where an individual was intentionally and viciously attacked in retaliation for the exercise of her First Amendment right to Petition for Redress of Grievances by protesting police violence.

71.     As the result of the failures of the Defendants to perform their affirmative duties, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally and individually, in an amount in excess of the applicable limits for mandatory arbitration in Erie County, together with punitive and exemplary damages, attorney's fees and expenses of litigation and such other and further relief as the Court deems just.

**<u>TRIAL BY JURY DEMANDED</u>**

**COUNT V – HANNAH SILBAUGH VS. DANIEL SPIZARNY – FAILURE TO SUPERVISE – 42 U.S.C. §1983**

72.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth at length.

73.     As Chief of the Bureau of Police, Defendant Spizarny has an affirmative duty to plan for and supervise the Bureau's personnel's response to events occurring within the City.

74.     On May 30, 2020, a peaceful demonstration was held in the City of Erie to protest the murder of George Floyd which occurred in Minneapolis, Minnesota, days before. That event led to a wave of protests nationally, some of which were followed by other actors taking advantage and engaging in destructive actions resulting in property damage and injuries.

75.     These occurrences gave notice of the possibility that similar events might occur in Erie following the protest.

76.     Defendant Spizarny failed to adequately plan for dealing with the possibility of a civil disturbance following the peaceful protest in which Plaintiff was

participating. This resulted in certain actors causing property damage and disturbances which the police failed to peacefully control.

77.     Plaintiff was not involved in or aware of these disturbances.

78.     At some point, Spizarny directed a number of heavily armed and armored police officers to clear the Perry Square area where Plaintiff was, despite there being no particular disturbance at that point. Civil disturbance was occurring several blocks North on State Street.

79.     A column of these officers assembled at the intersection of State Street and North Park Row. Rather than proceed to the area of civil disturbance, they were directed by Spizarny to clear the Perry Square area of peaceful demonstrators before advancing to the area of civil disturbance. As they complied with this order, the officers employed chemical weapons against individuals who were not engaging in any illegal activity.

80.     The phalanx of officers proceeded North on State Street, violently assaulting and sometimes detaining members of the public who were engaged in peaceful protest and who were simply observing the events out of curiosity but committing no offense.

81.     In the course of this, Plaintiff was viciously attacked as set forth above.

82.     The officers engaged in indiscriminate violence and were seized by the emotion of the moment, losing sight of their duty to safeguard the rights of individuals, and exerted force in punishment for the individuals' exercise of their right to free speech.

83.     As the result of defendant Spizarny's failure to plan for and supervise the events, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, jointly, severally and individually, in an amount in excess of the applicable limits for mandatory arbitration in Erie County, together with punitive and exemplary damages, attorney's fees and expenses of litigation and such other and further relief as the Court deems just.

## TRIAL BY JURY OF 12 IS HEREBY DEMANDED

### COUNT V – HANNAH SILBAUGH VS. CITY OF ERIE – DECLARATORY AND INJUNCTIVE RELIEF

84.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth at length.

85.     Plaintiff requests that this Court issue a declaration that the City of Erie Bureau of Police engages in a pattern or practice of excessive force police violence in violation of the First, Fourth and Fourteenth amendments to the United States Constitution.

86.     Plaintiff requests that this Court issue an injunction against the City of Erie mandating that it reform its police practices, remedy the deficient training of its police force, enforce policies for the protection of the residents and others who may be in the City, and enforce policies regarding the use of force that exclude violence against persons not subject to arrest and who do not pose a threat.

WHEREFORE, Plaintiff respectfully demands that this Court make such declaration and issue a permanent injunction as set forth above.


Respectfully submitted,

MCNAIR LAW OFFICES, PLLC


By: ___*s/ Timothy D. McNair*_____
        Timothy D. McNair, Esquire
        Pa. ID#34304
        821 State Street
        Erie, PA 16501
        (814) 452-0700
        (814) 454-2371 (fax)
        tmcnair@mcnairlaw.com