IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| HANNAH SILBAUGH,<br>    Plaintiff | : | CIVIL ACTION – LAW |
| v. | : | Docket No. 1:20-cv-00252-SPB |
| | : | *Electronically Filed* |
| MARC NELSON, DAVID SMITH, ANTHONY ATTALLA, JOHN DOE 4, JOHN DOE 5, DANIEL SPIZARNY, JOSEPH V. SCHEMBER, and CITY OF ERIE,<br>    Defendants | : | **JURY TRIAL OF 12 DEMANDED** |

**PLAINTIFF'S ANSWER TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

NOW COMES the Plaintiff, Hannah Silbaugh, by counsel and in answer to the Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12B(6), represents as follows:

1. Admitted, with the addition that the Complaint also seeks a remedy for the pattern or practice of the City of Erie Bureau of Police using excessive force against citizens and seeking injunctive remedies therefor.

2. Admitted.

3. Admitted.

4. Admitted that Defendants provided copies of some relevant policies, noting that the policy concerning civil disturbances was partially redacted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted that the Defendants perceived deficiencies in Plaintiff's Complaint and admitted that Plaintiff declined to amend her Complaint by releasing Joseph V. Schember from personal liability for his actions in managing the police response to the civil disturbance of May 30, 2020.

12. Admitted that Defendants seek the dismissal of Defendant Joseph Schember; denied that the reasons cited are valid:

   a. Joseph Schember pursuant to the City of Erie Bureau of Policy on Management of Civil Disturbances is required to promulgate, issue and enforce rules, regulations, orders and directives which are considered necessary during the emergency for the protection of life and property. Schember's mismanagement of resources and failure to issue appropriate directives resulted in the use of excessive force against the Plaintiff and others present in the City on May 30 (Exhibit A, Civil Disturbance Policy);

   b. The City of Erie Bureau of Police Civil Disturbance Policy requires the Mayor to supervise the management of civil disturbances; Plaintiff seeks a remedy against Joseph V. Schember for his mismanagement of the civil disturbance;

   c. While Joseph Schember is liable in his official capacity pursuant to *Monell,* he remains liable in his individual capacity for his actions in the management of the disturbance that led to the assault of the Plaintiff and injury to others present; and

   d. Defendant Schember's claim of qualified immunity cannot be determined at this stage of the proceedings.

13. Plaintiff requests that Defendants Motion be denied and that Defendants be required fully to answer Plaintiff's Complaint.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny Defendants' Motion to Dismiss and direct Defendants to file an Answer forthwith.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: *s/ Timothy D. McNair*
      Timothy D. McNair, Esquire
      Pa. ID#34304
      821 State Street
      Erie, PA 16501
      (814) 452-0700
      (814) 454-2371 (fax)
      tmcnair@mcnairlaw.com