IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| HANNAH SILBAUGH,<br>　　Plaintiff | : | CIVIL ACTION – LAW |
| v. | : | Docket No. 1:20-cv-00252-SPB |
| | : | *Electronically Filed* |
| MARC NELSON, DAVID SMITH, ANTHONY ATTALLA, JOHN DOE 4, JOHN DOE 5, DANIEL SPIZARNY, JOSEPH V. SCHEMBER, and CITY OF ERIE,<br>　　Defendants | : | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

NOW COMES the Plaintiff, Hannah Silbaugh, by counsel and submits the following Brief in Opposition to Defendants' Partial Motion to Dismiss, respectfully representing:

**I.   Statement of the Case**

This is an action pursuant to 42 U.S.C § 1983 for redress of the civil rights of Hannah Silbaugh and seeking a declaration and injunction against further unnecessary and excessive police force against persons present in the City of Erie.

On May 30, 2020, Plaintiff, Hannah Silbaugh was present in downtown Erie to participate in and observe a peaceful demonstration in response to the murder of George Floyd occurring in Minneapolis occurring on May 25, 2020.  Ms. Silbaugh was lawfully present and engaged in illegal activity, did not breach the peace and legitimately and lawfully exercised her rights under the First Amendment to the United States

Constitution to speak and to petition for redress of grievances, including the City of Erie Bureau of Police's long history of using excessive force.  During the course of that protest, Plaintiff was, with several other individuals, seated within the right-of-way of State Street near its intersection with North Park Row when she was, for no legitimate reason, viciously kicked by Defendant Nelson, suffering the injuries described in her Complaint.  She was further subjected to relentless chemical weapons attack not in compliance with the City of Erie policies and was illegally prevented from continuing her protest.

While it may be true that some individuals engaged in illegal activity, Plaintiff did not.

Under the City of Erie Bureau of Police policy on civil disturbances, (Exhibit 1 to Response) the Mayor is responsible to "promulgate issue and enforce rules, regulations, orders and directives…necessary during the emergency for the protection of life and property." (Exhibit 1, Page 5 of 7.)  The directives of the Mayor required under the policy failed to take into account the emotional intensity of the police on the ground and he failed to issue directives necessary to protect persons in the area, resulting in the police Defendants' loss of emotional control and permitting them to engage in retaliation against the protest by kicking and injuring the Plaintiff.

Defendant Schember has admitted that he was responsible for the actions of the police he coordinated pursuant to the civil disturbance policy and has publicly stated so. (Complaint, Paragraph 56.)  To the extent that Defendant Schember was acting in accordance with the Civil Disturbance Policy in permitting the police to violate

Plaintiff's rights by issuing defective commands, he violated Plaintiff's constitutional rights.

**II.     Argument**

    **A.  Plaintiff has adequately pleaded a claim against Mayor Schember.**

        **i)  Standard under F.R.Civ.P. 12(B)(6)**

"In considering a Motion to Dismiss pursuant to F.R.C.P. 12(B)(6), the Court must accept all factual allegations as true, construe the Complaint in the light most favorable to the Plaintiff and determine whether, under any reasonable reading of the Complaint, the Plaintiff may be entitled to relief."  *Wayne Land and Mineral Grp., LLC v. Delaware River Basin Comm'n,* 894 F3.d 509, 526-27 (3rd Cir. 2018).   If a Complaint contains sufficient factual matter, accept it as true to state a plausible claim for relief, the Motion must be denied.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the factual content of the Complaint allows the Court to draw reasonable inference that the Defendant is liable for the misconduct alleged.

A Court must determine whether the Plaintiff's Complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(A)(2), and that each averment must be "concise and direct," F.R.C.P. 8(C)(1).

The elements of Plaintiff's claim under U.S.C § 1983 require her to allege that she suffered a deprivation of federally protected right and that this deprivation was committed by a person acting under color of state law.  42 U.S.C § 1983.

Joseph V. Schember was "personally involved" in the management of the civil disturbance and his actions led to the assault upon the Plaintiff.

3

Defendant argues that there must be at least an "affirmative, causal link between Defendant's conduct and the alleged violation," citing *Acosta v. Democratic City Comm.,* 288 F. Supp. 3d 597, 636-41 (Ed. Pa. January 23, 2018). Plaintiff does not seek liability on Mayor Schember solely on the operation of *respondeat superior*.

In this case, Defendant Schember had an affirmative duty, presumably performed, to provide overall management of the police response to the civil disturbance. In doing so, he issued directives that permitted the police to go out of control and attack an innocent citizen exercising her rights, depriving her of her constitutional rights as set forth in the Complaint[1].

As Defendant Schember points out, if an individual, acting as a supervisor, participates in violating Plaintiff's rights, directs others to violate them or as the person in charge, had knowledge and acquiesced in his subordinates' violations, he may be liable under 1983. *Williams v. Papi*, 714 Fed. Appx. 128, 138 (3rd Cir. 2017) (citing *A. M. ex rel. J. M. K.,* 372 F3.d at 586) This requires the supervisor to have contemporaneous knowledge of the violation of a Plaintiff's rights and subsequent failure to act. Notably, the cases cited by Defendant Schember do not require personal contact between the liable party and the Plaintiff and do not require the Mayor to have personally directed Nelson to attack the Plaintiff. If, as the result of the decisions of the Defendant, the Plaintiff suffers harm, the Plaintiff may recover against the final policy maker. *Soltsz v. Rushmore Plaza Civic Center,* 847 F3.d 941 (8th Cir. 2017)

---

[1] Plaintiff acknowledges that she has not specifically plead this in the Complaint, however it is a reasonable inference from the facts pleaded in that the Mayor claimed that his actions were in accordance with City policy when they were not.

**B. DEFENDANT SCHEMBER'S ACTIONS CONSTITUTED PERSONAL INVOLVEMENT IN THE VIOLATION OF PLAINTIFF'S RIGHTS**

Given that Schember was the final authority in the management of the civil disturbance, and issued the orders and directives regarding management of the alleged disturbance, he was "personally involved" in directing the officers who violated Plaintiff's rights by viciously kicking her and subjecting her to a protracted chemical attack in retaliation for her exercise of her rights. His role as a direct supervisor on the night of the incident is sufficient to impose §1983 liability on him.

To the extent that these facts were not clearly pleaded, Plaintiff would be able to file a second amended complaint clarifying this issue.

In *Argueta v. U. S. Customs and Immigration Enforcement,* 643 F. 3d. 60 (3d Cir, 2011) the Third Circuit held that "personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," citing *Rode v. Dellarciprete,* 845 F. 2d 1195, 1207 (3d Cir, 1988). Here, Plaintiff is able to plead facts establishing personal direction of the police forces by virtue of the requirements of the City's Civil Disturbance policy. The supervisor may be liable under §1983 if he or she implements a policy or practice that creates an unreasonable risk of constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct. See, e.g., *Brown v. Muhlenberg Township*, 269 F.3d 205, 216 (3d Cir.2001).

Finally, to the extent that the court concludes that Plaintiff has not sufficiently pleaded the personal involvement of Schember, any dismissal should be without prejudice to bringing a claim against him should evidence develop justifying such a claim.

5

### III. Conclusion

Plaintiff has adequately pleaded the personal involvement of Mayor Schember in the events of May 30 to justify proceeding with her claim against him in accord with *Iqbal, Twombly* and the other precedents cited by the defense. To the extent that the facts have not adequately been pleaded, given the Civil Disturbance policy, Plaintiff should be given leave to re-plead her claims against Schember. Failing that, if Schember is to be dismissed at this preliminary stage of the litigation, recognizing that there is insufficient factual record to determine the actual facts of the case, any dismissal should be without prejudice.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: *s/ Timothy D. McNair*
Timothy D. McNair, Esquire
Pa. ID#34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com